# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward M. Casey | : |
| Plaintiff | : |
| vs. | : |
| MetLife | : |
| Defendant | : |

No. 3: CV 00-1240

FILED
SCRANTON
JUL 11 2000
PER _____ DEPUTY CLERK

## COMPLAINT

NOW COMES, the Plaintiff, Edward Casey, by and through counsel, Abrahamsen, Moran & Conaboy, P.C., and hereby complains of the above-referenced Defendant as follows:

1. The Plaintiff, Edward M. Casey, is an adult and competent individual residing at 100 East Dunn Avenue, Old Forge, Lackawanna County, PA 18518.

2. The Defendant, MetLife, upon information and belief, is a corporation authorized to do business in the Commonwealth of Pennsylvania with a principal address of Cosby Manor Road, PO Box 6146, Utica, NY 13504.

3. On the date certain, the Defendant issued a policy of insurance to the Plaintiff through his employer which provided for an employee benefit plan as defined and covered under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e).

5. All of the acts complained of herein occurred within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

6. At all times relevant hereto, Plaintiff's premiums due under the said contract of insurance were paid.

7. At all times relevant hereto, the Plaintiff performed all obligations under the said contract of insurance.

8. At all times relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by the Defendant.

9. On or about December 27, 1996, the Plaintiff sustained serious and severe injuries when he was involved in a motor vehicle accident.

10. As a result of the injuries sustained in the motor vehicle accident, Mr. Casey was rendered unable to work.

11. As a result of the injuries sustained in the motor vehicle accident, Mr. Casey suffered a loss compensable under the terms of the policy of insurance in that he was entitled to long-term disability benefits.

12. Plaintiff timely filed a claim for long-term disability benefits.

13. Plaintiff's application for long-term disability benefits was denied.

14. The Defendant arbitrarily and capriciously determined that the Plaintiff was not entitled to long-term disability benefits.

15. The above-mentioned determination denying the Plaintiff rights and benefits due to him under the insurance policy was arbitrary, illegal, capricious, unreasonable,

discriminatory, not made in good faith, and made in violation of 29 U.S.C. §1001 et seq.

16. Plaintiff has provided further documentation to Defendant in support of his claim for long-term disability benefits.

17. Defendant has refused to review this new documentation.

18. Defendant's refusal to review the new documentation submitted by the Plaintiff was arbitrary, illegal, capricious, unreasonable, discriminatory, not made in good faith, and made in violation of Title 29 U.S.C. §1001 et seq.

19. Plaintiff is entitled to long-term disability benefits under the aforementioned insurance policy.

20. Plaintiff is entitled to recover benefits due to him under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

21. As a direct and proximate result of the aforementioned actions of the Defendant, the Plaintiff has been caused to incur attorney's fees in an amount not now known to the Plaintiff.

22. As a direct and proximate result of the aforementioned actions of the Defendant, Plaintiff has sustained damages in an amount not now known to the Plaintiff, but, upon information and belief, such damages will approximate the amount of benefits due to the Plaintiff as long-term disability benefits from December 27, 1996 and continuing. Plaintiff will continue to sustain similar damages each month until benefits are paid.

WHEREFORE, the Plaintiff, Edward M. Casey, requests judgment against the Defendant, MetLife, as follows:

1. Ordering the Defendant, MetLife, to pay to Plaintiff all benefits due to him as long-term disability benefits from December 27, 1996 and continuing, or, in the alternative, ordering the Defendant to pay the Plaintiff a money judgment for all sums due and owing;

2. Awarding Plaintiff pre-judgment interest until date of judgment;

3. Awarding Plaintiff attorney's fees, Court costs, and all other reasonable costs incurred;

4. Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

James J. Conaboy, Esquire

Abrahamsen, Moran & Conaboy, P.C.
W. C. Carter Building
205-207 North Washington Avenue
Scranton, PA 18503
(570) 348-0200